**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL DARNELL OLIVER, # 207467,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 14-0098-KD-C** |
| **CHRISTOPHER EARL,** *et al.,* | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and

seeking leave to proceed *in forma pauperis*, was referred to the undersigned pursuant to

28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the

screening of the complaint, the Court discovered that this action is subject to the

provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be

dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action
> or appeal a judgment in a civil action or proceeding
> under this section [28 U.S.C. § 1915] if the prisoner
> has, on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or
> appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a

prisoner who has had three actions or appeals dismissed as meritless to pay the full

filing fee when he files his next action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

After reviewing the records for the United States District Courts for Alabama through PACER ("Public Access to Court Electronic Records"), the Court discovered that plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Oliver v. Morgan*, CA No. 4:2003-cv-01355-RBP (N.D. Ala. July 25, 2003) (frivolous); *Oliver v. ADOC*, CA No. 2:2002-cv-01179-MHT-SRW (M.D. Ala. Nov. 25, 2002) (frivolous); *Oliver v. Patterson*, CA No. 1:2011-cv-00509-WS-M (S.D. Ala. Mar. 21, 2012) (failure to state a claim), *appeal dismissed* (11th Cir. Oct. 16, 2012) (frivolous).[1] Thus, plaintiff has at least "three strikes," which brings the present action within the scope of 28 U.S.C. § 1915(g). *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("A frivolous complaint . . . followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g).").

Thus, in order to avoid the dismissal of the present action under § 1915(g), plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing. *See Adbul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner

_____

[1] The Court takes judicial notice of its records. <u>Nguyen v. United States</u>, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the complaint's allegations (Doc. 1), the Court does not discern a claim showing that plaintiff was "under imminent danger of serious physical injury" at the time he filed his complaint. Plaintiff's complaint and motion to proceed without prepayment of fees are dated February 18, 2014, and their envelope bears a postmark of March 3, 2014. (Docs. 1, 2). Even though the Court received these documents on March 5, 2014, they are deemed filed when the inmate gives them to an officer or places them in the mail. *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (applying *Houston v. Lack* to a prisoner's filing of a § 1983 action).

However, the incident of which plaintiff complains occurred on February 7, 2014 prior to his filing the complaint between February 18, 2014 and March 3, 2014. (Doc. 1 at 3). On February 7, 2014, plaintiff refused to come out of his cell even though defendant Howard had ordered him to do so. (*Id.*). He complained to her that he was no longer being given his pain medicine of 500 milligrams of Motrin and the medical staff and doctor would not put a cast on his arm. (*Id.*). Plaintiff voiced these complaints to every segregation board since November 26, 2013. (*Id.*). (In November, plaintiff alleges that two sets of x-rays were taken, that the doctors determined that plaintiff's left arm was fractured but did not place it in a cast, and that he received 500 milligrams of Motrin. (*Id.*). )

Defendant Howard warned plaintiff that the extraction team would come if he did not leave his cell.  (*Id.*).  The extraction team came, and defendant Montgomery sprayed several bursts of Red Sabre Spray through the tray door opening, getting it on plaintiff's face and chest and on the ceiling and everywhere.  (*Id* ).  Once the officers were in his cell, he was shocked with the shield by defendants Burroughs, Madison, McQuirter, and Earl.  (*Id.*).  Defendant Earl punched and stomped his legs; defendant Madison rammed his face into the floor causing a laceration to his forehead and bruises on both sides of his face; and defendant McQuirter twisted his fractured arm and punched him outside the camera's view.  (*Id.* at 4, 6).  Defendant Howard placed plaintiff in an empty cell for one week without clothes, property, water, and a working toilet.  (*Id.* at 6).  Defendant Hetzel, Miles, and Howard approved plaintiff's extraction and placement in the empty cell.  (*Id.* at 4).  Defendant Miles has denied plaintiff medical treatment for his broken arm, and watched defendant Montgomery spray plaintiff even though he knew plaintiff was an asthmatic.  (*Id.*).  Plaintiff has complained about the lack of a cast for his arm to defendants Hetzel, Miles, and Howard (*id.* at 5),  and on February 11, 2014, defendant Hetzel would not let him go to a "free world" doctor for a cast for his left arm.  (*Id.* at 5).

In order to satisfy the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown,* 387 F.3d at 1350.  A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"  *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade,

C.J.).  Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed.  *Id*. at *2.

Absent from the present complaint is an allegation that plaintiff was "under imminent danger of serious physical injury" at the time the complaint was filed.  (Doc. 1).  That is, plaintiff complains about events that ended at the latest on February 14, 2014, given he alleges that the incident occurred on February 7, 2014 and he was held in an empty cell for seven days.  The only allegation that does not terminate by February 14, 2014 is the allegation concerning that lack of a cast.  However, no allegations are present indicating that plaintiff was in imminent danger of serious physical injury from not having a cast.   There is no detailed description of the injured arm.  A doctor had examined plaintiff's arm and chose a different course of treatment, in his medical opinion, than a cast for the condition.  No information is provided showing that immobilization was needed for the arm or that the arm was immobilized in a manner other than a cast.  Thus, plaintiff's allegations do not support a finding of imminent harm, nor do they demonstrate an ongoing harm.  Accordingly, plaintiff's allegations fall short of meeting his burden to qualify for § 1915(g)'s exception.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice.  *Dupree*, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).

Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

[2] The Court observes that an alternate basis for dismissing this action exists. Plaintiff's action can also be dismissed because it is malicious.  *See* 28 U.S.C. §1915(e)(2)(B)(i). When the complaint form asked plaintiff to list his prior actions dealing with similar facts or with his imprisonment, he listed only four actions and proceeded to sign his complaint under penalty of perjury.  (Doc. 1 at 2-3, 7).  However, the Court discovered through PACER that plaintiff has filed 16 prior actions.

An action is deemed malicious when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4, 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (observing that lying under penalty of perjury justified the dismissal of an action for abuse of process and counting the action as a strike under § 1915(g)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (unpublished) (same); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir.) (unpublished) (same), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (same); *Young v. Secretary Fla. Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (same).  Inasmuch as plaintiff's claims arose in February 2014, he can re-file them as they are not bared by Alabama's two-year statute of limitations.  *Stephenson v. Warden, Doe*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished)  (in dismissing an action without prejudice as malicious, the court must determine that the action may be brought again because the statute of limitations has not expired); *Schmidt v. Navarro*, __ F. App'x __, 2014 WL 3906465, at *2 (11th Cir. Aug. 12, 2014) (unpublished) (same); *see also Lufkin Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.) (the statute of limitations for a § 1983 action filed in Alabama is two years), *cert. denied*, 506 U.S. 917 992 (1992).  Thus, for this alternate reason, plaintiff's complaint is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings.*"  *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 19th day of September, 2014.

/s/ WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE